UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------

JOSE DELACRUZ,

                            Plaintiff,

        -v-

CITY OF NEW YORK, et al.,

                            Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/19/2015

15 Civ. 3030 (PAE)

OPINION & ORDER

PAUL A. ENGELMAYER, District Judge:

    Plaintiff Jose DelaCruz, proceeding *pro se* and *in forma pauperis*, is currently incarcerated at the George Motchan Detention Center ("GMDC") on Rikers Island. On April 9, 2015, he filed this Complaint under 42 U.S.C. § 1983, alleging violations of his constitutional rights and seeking money damages. Named as defendants are the City of New York; Joseph Ponte, the current Commissioner of the New York City Department of Correction; Dora B. Schriro, the former Commissioner of the New York City Department of Correction; Bill de Blasio, the current Mayor of New York City; Michael Bloomberg, the former Mayor of New York City; New York State Governor Andrew Cuomo; and, as a "John Doe" defendant, the Corizon Health Services Manager at GMDC, where DelaCruz is incarcerated. For the following reasons, the Complaint is dismissed with leave to replead.

I.    **Factual and Procedural Background**[1]

    On April 9, 2015, DelaCruz filed this Complaint, alleging that the mattresses provided to prisoners at Rikers Island correctional facilities are part of "incomplete" sets that are all one size and therefore "not accommodating" to individuals taller than five feet, 11 inches. Dkt. 1. The

---

[1] The account of the underlying facts in this case is drawn from the plaintiff's Complaint. *See* Dkt. 1. At this stage, the Court assumes all well-pled facts to be true and draws all reasonable inferences in favor of the plaintiff. *See Koch v. Christie's Int'l PLC*, 699 F.3d 141, 145 (2d Cir. 2012).

Complaint alleges that he is experiencing "lower back pain," neck pain, shoulder pain, and "leg soreness" that is "exacerbat[ing] prior injuries." *Id.* The Complaint further alleges that then-Mayor Bloomberg and then-Commissioner Schriro decided to purchase "cheaper and cost effective" bedding without regard for prisoner health. *Id.* The Complaint also alleges that defendants have failed to comply with the state health and chiropractic regulations for bedding by issuing improperly sized bed frames and mattresses. *Id.* Finally, the Complaint alleges that the John Doe Corizon Health Services Manager has failed to declare an emergency to remedy this problem. *Id.*

More than 90 prisoners have filed similar *pro se* complaints regarding the beds and pillows provided at several Rikers Island correctional facilities. By order dated February 11, 2013, this Court adopted the Honorable James C. Francis IV's Report and Recommendation dismissing those cases for failure to state a claim. *See Howard v. City of New York*, No. 12 Civ. 4069 (PAE), 2013 WL 504164 (S.D.N.Y. Feb. 11, 2013) (consolidating 63 cases and dismissing with leave to replead).

**II.  Discussion**

  **A.  Standard of Review**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Although the law mandates dismissal on any of these grounds, district courts "remain obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572

F.3d 66, 72 (2d Cir. 2009). Thus, *pro se* complaints should be read with "special solicitude" and should be interpreted to raise the "strongest [claims] that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006) (citations omitted).

   B.   **Eighth Amendment**

DelaCruz's Complaint, which is extremely similar to the ones previously before the Court, does not state an Eighth Amendment conditions-of-confinement claim.[2] The Court refers DelaCruz to Judge Francis's Report and Recommendation, a copy of which is attached, for a thorough discussion of the legal issues, but summarizes the analysis here.

To state an Eighth Amendment claim, a plaintiff must show that: (1) objectively, the deprivation he suffered was "sufficiently serious" as to deny him "the minimal civilized measure of life's necessities," and (2) subjectively, the defendants acted with "deliberate indifference," *Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991), in that they "kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (quotation omitted). The Eighth Amendment does not require "comfortable prisons." *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981). In the context of the facts asserted to state a claim, plaintiff must allege that "(1) he had a preexisting medical condition requiring a special bed to protect against serious damage to his future health; (2) he made that medical condition known to prison officials; (3) he requested a special bed to accommodate such medical condition; and (4) his

---

[2] It is not clear whether DelaCruz is a pretrial detainee or a sentenced prisoner, but the distinction is immaterial here. Pretrial detainees' constitutional claims are analyzed under the due process clause of the Fourteenth Amendment to the Constitution, rather than the Eighth Amendment. *Benjamin v. Fraser*, 343 F.3d 35, 49 (2d Cir. 2003), *overruled on other grounds by Caiozzo v. Koreman*, 581 F.3d 63 (2d Cir. 2009). Where, as here, a plaintiff is alleging deliberate indifference, the analysis under the Fourteenth Amendment is the same as under the Eighth Amendment. *See Caiozzo*, 581 F.3d at 72.

request was denied by an 'official [who knew] of and disregard[ed] an excessive risk to [the plaintiff's] health or safety.'" *Howard*, 2012 WL 7050623, at *9 (quoting *Phelps v. Kapnolas*, 308 F.3d 180, 185–86 (2d Cir. 2002)) (alteration in original).[3]

DelaCruz's Complaint fails to allege with specificity facts sufficient to establish any of the four elements listed above. The Complaint's allegations are conclusory; they fail to provide the factual detail necessary to state a claim that he suffered injuries *as a result* of the beds at GMDC. For example, DelaCruz's Complaint does not describe his prior injuries; nor does he indicate how the prison bedding has caused or exacerbated his claimed injuries. And, although the Complaint states that the mattresses do not accommodate individuals who are taller than five feet, 11 inches, DelaCruz does not allege what his height is. He simply alleges generally that the mattress is "inappropriate for my height and weight." Dkt. 1. For these reasons, the Complaint fails to comply with the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). That said, it is conceivable that, in an amended complaint, DelaCruz could allege facts sufficient to state a claim.

### C. Personal Involvement

DelaCruz's Complaint is further deficient in that it does not explain the role that each defendant played in the allegedly unlawful conduct. To state a § 1983 claim against an individual defendant, a plaintiff must allege sufficient facts to demonstrate that that defendant

---

[3] Plaintiff must also comply with Federal Rule of Civil Procedure 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief," and Rule 8(d)(1), which requires that each allegation be "simple, concise, and direct." A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

was personally and knowingly involved in violating his constitutional rights. *Harris v. Westchester Cnty. Dep't of Corr.*, No. 06 Civ. 2011 (RJS), 2008 WL 953616, at *9 (S.D.N.Y. Apr. 3, 2008) (citing *Provost v. City of Newburgh*, 262 F.3d 146, 155 (2d Cir. 2001)). Personal involvement in a § 1983 violation may be shown by evidence that the official: (1) participated directly in the violation; (2) after learning of the violation, failed to remedy the wrong; (3) created a policy or custom under which unconstitutional practices occurred; (4) was grossly negligent in supervising subordinates who caused the unlawful condition or event; or (5) exhibited deliberate indifference by failing to act on information indicating that unconstitutional acts were occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995); *Washington v. Kelly*, No. 03 Civ. 4638 (SAS), 2004 WL 830084, at *3 (S.D.N.Y. Apr. 13, 2004).

Here, the Complaint alleges that then-Mayor Bloomberg and then-Commissioner Schriro decided to purchase "cheaper and cost effective" bedding without regard for prisoner health. These allegations, however, lack any "further factual enhancement," *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted), and thus fail to support a plausible inference that the individual defendants were personally involved in the alleged violations. *See Harris*, 2008 WL 953616, at *9. In addition, the Complaint names, as a "John Doe" defendant, the Corizon Health Services Manager at GMDC; however, DelaCruz does not allege how this individual was personally involved in any violation of plaintiff's constitutional rights. Finally, the Complaint makes no factual allegations whatsoever against Governor Cuomo. Accordingly, the Complaint does not state a claim against these defendants.

### D. Municipal Liability

The Complaint also fails to state a claim against the City of New York. To state a municipal liability claim, "a plaintiff must make factual allegations that support a plausible

5

inference that the constitutional violation took place pursuant to [a municipal policy or custom]." *Missel v. County of Monroe*, 351 F. App'x 543, 545 (2d Cir. 2009) (summary order) (citation omitted); *see also Monell v. Dep't of Social Servs. of the City of N.Y.*, 436 U.S. 658, 690–91 (1978). An "official policy" may be implemented through a "'policy statement, ordinance, regulation, or decision'" that is officially promulgated by a municipality's policy makers. *Anthony v. City of New York*, 339 F.3d 129, 139 (2d Cir. 2003) (quoting *Monell*, 436 U.S. at 690). A "custom," for the purposes of municipal liability, must be so entrenched and well established as to constitute a practice with the force of law. *Patterson v. County of Oneida*, 375 F.3d 206, 226 (2d Cir. 2004).

The Complaint's allegation that defendants do not provide adequate beds arguably states a municipal policy or custom. However, the Complaint fails to articulate how the policy violates a constitutional right. *See, e.g.*, *Missel*, 351 F. App'x at 545 (stating that the claimed policy must have caused a constitutional violation). For this reason, the Complaint fails to state a claim of municipal liability.

## CONCLUSION

Based on the foregoing, the Complaint is dismissed for failure to state a claim. The Court grants DelaCruz leave to replead should he be able to plausibly allege facts that do state a claim. The Clerk of Court is directed to close this case. The dismissal is without prejudice provided that DelaCruz files an Amended Complaint within 45 days. If no amended complaint is filed within 45 days, the dismissal will then be with prejudice.

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
PAUL A. ENGELMAYER
United States District Judge

Dated: May 19, 2015
       New York, New York