UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - :

JOSE DELACRUZ,                         :   15 Civ. 3030 (PAE) (JCF)
                                       :
              Plaintiff,               :        MEMORANDUM
                                       :        AND   ORDER
     - against -                       :
                                       :
CITY OF NEW YORK and JOHN DOES ONE     :   ┌─────────────────────────────┐
THROUGH TEN,                           :   │ USDS SDNY                   │
                                       :   │ DOCUMENT                    │
              Defendants.              :   │ ELECTRONICALLY FILED        │
- - - - - - - - - - - - - - - - - - - :   │ DOC #: _____      │
JAMES C. FRANCIS IV                        │ DATE FILED: 9/26/16         │
UNITED STATES MAGISTRATE JUDGE             └─────────────────────────────┘

     Plaintiff Jose Delacruz has moved pursuant to Rule 15(a)(2)

of the Federal Rules of Civil Procedure to file a third amended

complaint.  For the reasons set forth below, the motion is denied

without prejudice to the plaintiff's making a renewed motion

consistent with this opinion.

Background

     The following facts are taken from the proposed Third Amended

Complaint and are presumed to be true for the purposes of this

motion.  Mr. Delacruz was at all relevant times incarcerated at

the Rikers Island Correctional Facility in the Bronx ("Rikers").

(Third Amended Complaint ("3d Amend. Compl."), ¶ 20).  On October

27, 2014,[1] Mr. Delacruz slipped and fell in the shower and bathroom

_____

     [1] Paragraph twenty-one of the proposed Third Amended Complaint
states that the incident at issue occurred on October 4, 2014, not
October 27, 2014.  However, the letter motion accompanying the

area of his unit at Rikers, as a result of which he suffered dislocation of both arms and two herniated discs in his back. (3d Amend. Compl., ¶¶ 21-22). Mr. Delacruz alleges that the incident occurred because the painted floor in the shower and bathroom area became dangerously slippery when wet. (3d Amend. Compl., ¶ 21). He claims that the City of New York ("the City") was aware of this condition and failed to cure it. (3d Amend. Compl., ¶ 21). He further alleges that the bedding provided to him at Rikers exacerbated his injuries because it was flimsy and was not designed to support a person of his height or weight. (3d Amend. Compl., ¶ 31).

Mr. Delacruz, proceeding pro se, commenced this action on April 9, 2015. This Court dismissed the complaint sua sponte without prejudice to replead. Mr. Delacruz subsequently retained counsel, and on July 6, 2015, filed his First Amended Complaint. That complaint alleged, among other causes of action, a state law negligence claim arising out of the slip-and-fall incident. (First Amended Complaint, ¶¶ 35-40). On September 4, 2015, the City filed a motion to dismiss Mr. Delacruz's First Amended Complaint. On

---

complaint, paragraph thirty-seven of the complaint, and a "Personal Injury Claim Form" annexed to the complaint all state that the accident occurred on October 27, 2014. Because the October 27 date appears multiple times, including in a form documenting the incident, I interpret the October 4 date in paragraph twenty-one as a scrivener's error.

December 2, 2015, before a ruling on the City's motion had been issued, Mr. Delacruz moved for leave to file a second amended complaint. On January 20, 2016, the City withdrew its motion to dismiss, and I granted leave to amend. On January 27, 2016, Mr. Delacruz filed his Second Amended Complaint.

On July 19, 2016, Mr. Delacruz filed a letter motion seeking leave to amend his complaint again, annexing a copy of his proposed Third Amended Complaint. The Third Amended Complaint removes the state law negligence claim and replaces it with a claim that the City violated the plaintiff's rights under the Due Process Clause of the Fourteenth Amendment to the U.S. Constitution by interfering with his legal mail. (3d Amend. Compl. ¶¶ 45-56). The City opposes leave to amend on the ground that the proposed amendment is futile because it (1) fails to state a due process claim for interference with legal mail and (2) fails to state a claim for municipal liability in connection with the due process claim.

Discussion

    A.   Legal Standard for Amendment

Rule 15(a) of the Federal Rules of Civil Procedure provides that courts should "freely give" leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2); see also Foman v. Davis, 371 U.S. 178, 182 (1962); Aetna Casualty & Surety Co. v. Aniero Concrete Co., 404 F.3d 566, 603-04 (2d Cir. 2005). This liberal

3

standard is "consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" Williams v. Citigroup Inc., 659 F.3d 208, 212–13 (2d Cir. 2011) (quoting New York v. Green, 420 F.3d 99, 104 (2d Cir. 2005)). Motions to amend should therefore be denied only for good reasons, including undue delay, bad faith or dilatory motive, undue prejudice to the non-moving party, repeated failure to cure deficiencies by amendments previously allowed, or futility. See Burch v. Pioneer Credit Recovery, Inc., 551 F.3d 122, 126 (2d Cir. 2008) (citing Foman, 371 U.S. at 182). The court has broad discretion over motions to amend. See McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007). The party opposing amendment has the burden of establishing that amendment would be futile or otherwise inappropriate. Allison v. Clos-ette Too, L.L.C., No. 14 Civ. 1618, 2015 WL 136102, at *2 (S.D.N.Y. Jan. 9, 2015); Ferring B.V. v. Allergan, Inc., 4 F. Supp. 3d 612, 618 (S.D.N.Y. 2014).

B.  Futility

In this case, the City opposes Mr. Delacruz's motion to amend solely on the ground that it is futile.

1.  Legal Standard

Leave to amend should be denied as futile when the amended pleading would not survive a motion to dismiss. See IBEW Local Union No. 58 Pension Trust Fund and Annuity Fund v. Royal Bank of

4

Scotland Group, PLC, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."); Slay v. Target Corp., No. 11 Civ. 2704, 2011 WL 3278918, at *2 (S.D.N.Y. July 20, 2011).   The appropriate legal standard is whether the amended pleading states a claim upon which relief can be granted -- the same standard that applies to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.   See Panther Partners Inc. v. Ikanos Communications, Inc., 681 F.3d 114, 119 (2d Cir. 2012); New Hampshire Insurance Co. v. Total Tool Supply, Inc., 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009).   The court should accept all facts pled as true and construe them in the light most favorable to the plaintiff to determine whether the allegations give rise to a plausible claim for relief.   Panther Partners, 681 F.3d at 119 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678-80 (2009)); Alexander Interactive, Inc. v. Adorama, Inc., No. 12 Civ. 6608, 2014 WL 113728, at *4 (S.D.N.Y. Jan. 13, 2014).

2.   Interference with an Inmate's Legal Mail

The plaintiff's Due Process claim for interference with his legal mail is based on the following facts.   Under New York State law, the plaintiff in a personal injury action against a municipality must file a notice of claim within ninety days of the claim arising.   N.Y. Gen. Mun. Law § 50-e(1)(a).   Failure to file

a timely notice of claim bars a plaintiff from bringing suit.  Id.;
McLaurin v. New Rochelle Police Officers, 368 F. Supp. 2d 289, 296
(S.D.N.Y. 2005) ("A plaintiff's failure to comply with the
mandatory New York statutory notice-of-claim requirements
generally results in dismissal of his claims.").  However, a
plaintiff may apply in state court for leave to file a late notice
of claim within one year and ninety days of the claim arising, and
a court may grant leave in its discretion.  N.Y. Gen. Mun. Law §§
50-e(5), 50-i(1).  A notice of claim is considered filed on the
date that it is deposited in a post office.  N.Y. Gen. Mun. Law §
50-e(3)(b).

Mr. Delacruz's claim arose on October 27, 2014, the date of
his accident.  He therefore had ninety days -- until January 25,
2015 -- to serve a notice of claim.  On January 20, 2015, eighty-
five days after the accident, Mr. Delacruz submitted a notice of
claim to the mailroom staff at Rikers to deposit in the post
office.  (3d Amend. Compl., ¶ 39).  However, the mailroom staff
did not do so until January 31, 2015, eleven days after the
plaintiff submitted it to them and ninety-six days after the
accident.  (3d Amend. Compl., ¶ 41).  Because the notice of claim
was deposited in the post office more than ninety days after the
claim arose, the New York City Office of the Comptroller disallowed
Mr. Delacruz's claim.  (3d Amend. Compl., ¶ 43).  In sum, "the

plaintiff timely submitted a notice of claim," the Rikers mailroom
staff waited eleven days to deposit it in the post office, and Mr.
Delacruz's notice of claim was consequently rejected as untimely.
(3d Amend. Compl., ¶¶ 50-51).   The plaintiff does not indicate
that he applied for leave to file a late notice of claim, and the
one-year and ninety-day period to do so has now passed.

Interference with a prison inmate's legal mail "implicates
[his] rights to access to the courts and free speech as guaranteed
by the First and Fourteenth Amendments to the U.S. Constitution."
Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003); Arnold v.
Westchester County Correctional Facility, No. 10 Civ. 1249, 2011
WL 3501897, at *5 (S.D.N.Y. July 18, 2011).   To state a valid claim
under 42 U.S.C. § 1983 for denial of access to courts due to
interference with legal mail, "an inmate must allege that a
defendant's deliberate and malicious interference actually impeded
his access to the court or prejudiced an existing action." Smith
v. City of New York, No. 14 Civ. 443, 2015 WL 1433321, at *3
(S.D.N.Y. March 30, 2015); accord Cancel v. Goord, No. 00 Civ.
2042, 2001 WL 303713, at *4 (S.D.N.Y. March 29, 2001) (citing Lewis
v. Casey, 518 U.S. 343, 349 (1996)).   Thus, in order to plead a
colorable constitutional claim, an inmate must allege both (1)
deliberate and malicious interference with his or her legal mail;

and (2) that the interference resulted in adverse impact on an
existing cause of action.  <u>Cancel</u>, 2001 WL 303713, at *4.

            a.  <u>Deliberate and Malicious Interference</u>

    Mr. Delacruz alleges that he "timely submitted a notice of
claim to defendant . . . and [the City] by causing delay out of
the plaintiff's control did cause the notice of claim to be late."
(3d Amend. Compl., ¶ 50).  In other words, he pleads nothing more
than that the City had control of his notice of claim and failed
to deposit it in the post office in a timely manner.  He does not
allege that the City took any affirmative action to interfere with
his mail, much less any facts to support an inference that the
City's failure to timely deposit his notice of claim in the post
office was deliberate or malicious.

    Accordingly, Mr. Delacruz's Third Amended Complaint does not
state a plausible claim of interference with his legal mail.  His
due process claim is therefore futile.

            b.  <u>Prejudice to Existing Legal Claim</u>

    Although the proposed amendment is futile because it fails to
meet the first prong for pleading a claim of interference with the
mail, it does satisfy the second prong.  Prejudice to an existing
legal claim requires a showing of "actual injury to the plaintiff
such as the dismissal of an otherwise meritorious legal claim."
<u>Cancel</u>, 2001 WL 303713, at *4.  However, mere "delay in being able

to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." <u>Arnold</u>, 2011 WL 3501897, at *5 (quoting <u>Jermosen v. Coughlin</u>, 877 F. Supp. 864, 871 (S.D.N.Y. 1995)).

Without the City's delay in depositing Mr. Delacruz's notice of claim in the post office, that notice would have been timely, and his personal injury claim would have been allowed to go forward. Instead, his claim was disallowed because the notice of claim was late. Nevertheless, the City argues that the rejection of the notice of claim only "delayed [Mr. Delacruz's] ability to bring his claims." <u>See</u> <u>id.</u> The City emphasizes that the plaintiff could have applied for leave to file a late notice of claim in state court, but did not. Had he done so, and had his application been granted, his personal injury action could have proceeded.

The City has not met its burden of establishing that Mr. Delacruz's proposed amendment is futile in this respect. Mr. Delacruz makes a concrete allegation of prejudice to an existing legal claim. This distinguishes this case from the cases cited by the City where courts found mere delay. In those cases, the plaintiffs "failed to demonstrate that [they were] in any way prejudiced in pursuit of [their] legal action or that [their] access to the court was otherwise impaired." <u>Jermosen</u>, 877 F. Supp. at 871; <u>see also</u> <u>Arnold</u>, 2011 WL 3501897, at *5 (plaintiff

alleged tampering with claim letter sent to county attorney general's office, but "failed to plead [] how the alleged interference impeded his access to the courts").

There is no requirement that a plaintiff have exhausted every possible avenue of appeal in order to satisfy the prejudice prong. All that is required is that a defendant's actions lead to an adverse determination where the plaintiff would have otherwise prevailed. See Cancel, 2001 WL 303713, at *4. Here, the City's delay in depositing the plaintiff's notice of claim in the post office was the reason it was rejected as untimely. Accordingly, the fact that Mr. Delacruz could have applied for leave to file a late notice of claim does not transform the rejection of his notice of claim into mere delay. Whether to grant leave to file late notice of claim is discretionary, see N.Y. Gen. Mun. Law §§ 50-e(5), 50-i(1), and there is no guarantee that a state court would have granted leave to file late notice of claim if Mr. Delacruz had applied for it. Therefore, Mr. Delacruz has alleged facts sufficient to qualify as prejudice to an existing legal claim.

### 3.  Municipal Liability

The City is the only defendant named in Mr. Delacruz's due process claim. Accordingly, he must also state a claim of municipal liability, which requires a plaintiff to "make factual allegations that support a plausible inference that the

constitutional violations took place pursuant to [a municipal policy or custom]." Missel v. County of Monroe, 351 F. App'x 543, 545 (2d Cir. 2009); see also Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 690-91 (1978). A plaintiff does not need to identify a specific rule or regulation. Baity v. Kralik, 51 F. Supp. 3d 414, 435 (S.D.N.Y. 2014). Rather, a "policy or custom" exists where a practice is "so widespread as to have the force of law, even though it has 'not received formal approval through the body's official decision-making channels.'" Vaher v. Town of Orangetown, 133 F. Supp. 3d 574, 594 (S.D.N.Y. 2015) (quoting Monell, 436 U.S. at 691). However, "a single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." DeCarlo v. Fry, 141 F.3d 56, 61 (2d Cir. 1998) (quoting Ricciuti v. New York City Transit Authority, 941 F.2d 119, 123 (2d Cir. 1991)).

A claim of municipal liability in this case would require the plaintiff to allege that the City has a widespread practice or policy of deliberately and maliciously interfering with inmates' legal mail. However, Mr. Delacruz alleges only a single instance of delay of his mail by the City. (3d Amend. Compl., ¶¶ 50-51). This does not constitute a widespread practice or policy, much less one that is deliberate and malicious. Accordingly, his

proposed Third Amended Complaint is futile to the extent that it does not state a claim for municipal liability.

    C.   <u>Leave to Replead</u>

    "[I]t is the usual practice . . . to allow leave to replead" when a complaint is dismissed for failure to state a claim upon which relief can be granted. <u>Cruz v. TD Bank, N.A.</u>, 742 F.3d 520, 523 (2d Cir. 2013); <u>Woodward v. Morgenthau</u>, 740 F. Supp. 2d 433, 441 (S.D.N.Y. 2010). Leave to replead may be denied, however, where a court has previously identified deficiencies in the pleadings and the deficiencies remain uncorrected in subsequent pleadings. <u>Official Committee of Unsecured Creditors of Color Tile, Inc. v. Coopers & Lybrand, LLP</u>, 322 F.3d 147, 168 (2d Cir. 2003); <u>see also</u> <u>Foman</u>, 371 U.S. at 182. Although this is now Mr. Delacruz's third Amended complaint, it is the first in which he alleges a constitutional violation based on interference with his legal mail. Accordingly, Mr. Delacruz has not yet had an opportunity to cure the deficiencies in his due process claim. His motion is therefore denied without prejudice and with leave to replead additional facts to establish plausible claims of deliberate and malicious interference with his legal mail and of municipal liability.

Conclusion

   For the reasons discussed above, Mr. Delacruz's motion to
amend is denied without prejudice and with leave to make a renewed
motion consistent with this opinion.  He shall file any such motion
within fourteen (14) days of this order.


          SO ORDERED.


          JAMES C. FRANCIS IV
          UNITED STATES MAGISTRATE JUDGE

Dated:    New York, New York
          September 22, 2016

Copies transmitted this date:

Michael A. Huerta, Esq.
Huerta PLLC
P.O. Box 141
New York, NY 10008-141

Carolyn E. Kruk, Esq.
New York City Law Department
100 Church St.
New York, NY 10007

13