UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - :
JOSE DELACRUZ,                      :    15 Civ. 3030 (PAE) (JCF)
                                    :
            Plaintiff,              :        REPORT AND
                                    :        RECOMMENDATION
    - against -                     :
                                    :
CITY OF NEW YORK and JOHN DOES ONE  :
THROUGH TEN,                        :
                                    :
            Defendants.             :
- - - - - - - - - - - - - - - - - - :
TO THE HONORABLE PAUL A. ENGELMAYER, U.S.D.J.:

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/31/17

The plaintiff, Jose Delacruz, alleges that while he was incarcerated the defendants provided inadequate bedding and interfered with his legal mail in violation of 42 U.S.C. § 1983. He also brings a failure to intervene claim against the John Doe defendants under New York State law. The defendants have moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, I recommend that the motion be granted.

Background

Mr. Delacruz was in the custody of the New York City Department of Corrections at Rikers Island from September 20, 2013, through July 27, 2015. (Defendant City of New York's Local Rule 56.1 Statement of Material Facts Not in Dispute ("Def. 56.1 Statement"), ¶ 20). On October 27, 2014, he slipped and fell in the "shower/bathroom area" of the jail because the floors allegedly

became dangerously slippery when wet.[1] (Third Amended Complaint ("TAC"), attached as Exh. to Letter Motion for Leave to Amend Complaint dated Oct. 6, 2016, ¶ 21). Throughout his incarceration, he alleges that he suffered unconstitutional conditions of confinement and inadequate medical care because the bedding provided by Rikers staff exacerbated a pre-existing injury to his left side and a back injury caused by the slip-and-fall incident. (TAC, ¶¶ 24-25, 32, 63-66). He also alleges that the Rikers mailroom staff delayed the mailing of a notice of claim to the New York City Comptroller's office notifying it of claims he planned to bring against the City arising out of the slip-and-fall incident. (TAC, ¶¶ 50-62).

---

[1] Mr. Delacruz alleges that the defendants knew about the slippery floors but made no effort their remedy the condition. (TAC, ¶ 21). Neither party addresses this as an independent conditions of confinement claim in their briefing. To the extent that the plaintiff raises such a claim, numerous courts have held that slippery floors in a jailhouse bathroom do not amount to an unconstitutional condition of confinement, even when the defendant is aware of the condition of the floors and ignores it. See, e.g., Snipes v. DeTella, 95 F.3d 586, 592 (7th Cir. 1996) ("[A]n inch or two of water in the shower . . . is not 'an excessive risk to inmate health or safety,' nor the 'denial of the minimal civilized measure of life's necessities.'" (quoting Farmer v. Brennan, 511 U.S. 825, 834 (1994))); Hawkins v. Nassau County Correctional Facility, 781 F. Supp. 2d 107, 113 (E.D.N.Y. 2011) ("[T]he lack of a shower mat and/or water on the floor in the jail does not rise to the level of a constitutional violation and, thus, is not actionable under Section 1983."); Edwards v. City of New York, No. 08 Civ. 5787, 2009 WL 2596595, at *3 (S.D.N.Y. Aug. 24, 2009) ("[C]ourts have held that allegations of wet conditions leading to a slip-and-fall will not support a Section 1983 claim even where, as here, the plaintiff also alleges that the individual defendants had notice of the wet condition but failed to address it.").

The defendants move for summary judgment on the following grounds: (1) failure to prosecute the claims against the John Doe defendants; (2) failure to establish unconstitutional conditions of confinement or inadequate medical care; (3) failure to establish unconstitutional interference with legal mail; and (4) failure to establish municipal liability. The defendants also argue that this Court should decline to exercise jurisdiction over the plaintiff's state law claim in the event that all of the constitutional claims are dismissed.

The plaintiff's opposition to summary judgment, submitted in the form of an Affirmation by counsel, argues only that his claim of interference with his legal mail should survive summary judgment; it does not address the remainder of the defendants' arguments. (Affirmation of Michael A. Huerta dated March 14, 2017 ("Pl. Memo."), at 3-4). The plaintiff also fails to submit any evidence in support of his opposition memorandum. Instead, he cites his own deposition and the declaration of a corrections officer that addresses the processing of inmate mail at Rikers, both of which were submitted by the defendants in connection with their motion for summary judgment. (Pl. Memo. at 3-4; Deposition of Jose Delacruz dated Nov. 23, 2016 ("Delacruz Dep."), attached as Exh. C to Declaration of Carolyn Kruk dated Jan. 26, 2017; Declaration of Kimberly Henderson dated Jan. 24, 2017). Although the plaintiff does not provide a statement or counterstatement of

3

material facts pursuant to Local Rule 56.1, he states in his opposition memorandum that he disputes two paragraphs of the defendant's 56.1 statement that concern the timeliness of the plaintiff's interrogatories and document requests (Pl. Memo. at 2; Def. 56.1 Statement, ¶¶ 16-17), but that he concedes the veracity of the remainder of the facts asserted in the defendants' 56.1 statement. (Pl. Memo. at 2).

Discussion

   A.   Summary Judgment Standard

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); accord Doninger v. Niehoff, 642 F.3d 334, 344 (2d Cir. 2011). A dispute is "genuine" where "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); accord SCR Joint Venture L.P. v. Warshawsky, 559 F.3d 133, 137 (2d Cir. 2009). A material fact is one that "might affect the outcome of the suit under the governing law." Roe v. City of Waterbury, 542 F.3d 31, 35 (2d Cir. 2008) (quoting Anderson, 477 U.S. at 248). In assessing whether there is a genuine issue of material fact, "a court must 'construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all

reasonable inferences against the movant.'" Seeman v. Local 32B-32J, Service Employees Union, 769 F. Supp. 2d 615, 620 (S.D.N.Y. 2011) (quoting Dallas Aerospace, Inc. v. CIS Air Corp., 352 F.3d 775, 780 (2d Cir. 2003)).

The moving party bears the initial burden of identifying those portions of the record that demonstrate "the absence of a genuine issue of material fact," Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), following which the non-moving party must come forward with "specific facts showing that there is a genuine issue for trial," Wrobel v. County of Erie, 692 F.3d 22, 30 (2d Cir. 2012) (emphasis omitted) (quoting Matsushita Electric Industrial Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986)). "[W]here the non[-]moving party will bear the burden of proof on an issue at trial, the moving party may satisfy its burden by point[ing] to an absence of evidence to support an essential element of the non[-]moving party's case." New York City Health & Hospitals Corp. v. Burwell, 174 F. Supp. 3d 792, 796 (S.D.N.Y. 2016) (alterations in original) (quoting Crawford v. Franklin Credit Management Corp., 758 F.3d 473, 486 (2d Cir. 2014)). The parties can support their claims with documents, stipulations, affidavits, or other discovery materials. See Fed. R. Civ. P. 56(c)(1)(A). However, "only admissible evidence need be considered by the trial court in ruling on a motion for summary judgment." Presbyterian Church of

Sudan v. Talisman Energy, Inc., 582 F. 3d 244, 264 (2d Cir. 2009) (quoting Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997)).

B.  John Doe Defendants

Under Rule 4(m) of the Federal Rules of Civil Procedure,

> "[i]f a defendant is not served within 120 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

Fed. R. Civ. P. 4(m). The plaintiff commenced this action on April 9, 2015, and retained counsel on July 5, 2015. Discovery closed on December 2, 2016. The plaintiff has yet to serve process on any of the John Doe defendants, let alone identify them, despite having more than one year to do so. He does not offer any reason for his failure to comply with Rule 4(m). The claims against the John Doe defendants should therefore be dismissed without prejudice.[2] See Roland v. Smith, 907 F. Supp. 2d 385, 391-92 (S.D.N.Y. 2012).

C.  Inadequate Bedding

Conditions of confinement claims brought by convicted prisoners are governed by the Cruel and Unusual Punishments Clause

---

[2] Because dismissal of all of the claims against the John Doe defendants is appropriate, I need not address whether this Court should decline to exercise jurisdiction over the state law failure to intervene claim, as that claim is brought only against the John Doe defendants and not the City of New York. (TAC, ¶¶ 85-88).

6

of the Eighth Amendment, whereas claims brought by pre-trial detainees are governed by the Due Process Clause of the Fourteenth Amendment. Darnell v. Pineiro, 849 F.3d 17, 29 (2d Cir. 2017). The record here does not indicate whether the plaintiff was a pre-trial detainee or convicted prisoner at the time of the alleged constitutional violations. Because a pre-trial detainee's rights under the Fourteenth Amendment are "at least as great as the Eighth Amendment protections available to a convicted prisoner," id. (quoting City of Revere v. Massachusetts General Hospital, 463 U.S. 239, 244 (1983), I assume for the purposes of this motion that the plaintiff was a pre-trial detainee.

The conditions-of-confinement analysis under the Fourteenth Amendment consists of a two-pronged test. Cuffee v. City of New York, No. 15 Civ. 8916, 2017 WL 1134768, at *4 (S.D.N.Y. March 27, 2017). First, a plaintiff must establish "that the [constitutional] deprivation alleged is 'objectively sufficiently serious' such that the plaintiff was denied 'the minimal civilized measure of life's necessities.'" Id. (alteration in original) (quoting Trammell v. Keane, 338 F.3d 155, 161 (2d Cir. 2003)). In the context of an inadequate medical care claim, this requires a showing of a medical "condition of urgency, one that may produce death, degeneration, or extreme pain." Johnson v. Wright, 412 F.3d 398, 403 (2d Cir. 2005) (quoting Hemmings v. Gorczyk, 134 F.3d 104, 108 (2d Cir. 1998)).

Second, a plaintiff must establish a "'sufficiently culpable state of mind' associated with 'the unnecessary and wanton infliction of pain.'" Cuffee, 2017 WL 1134768, at *4 (quoting Trammell, 338 F.3d at 161). A pre-trial detainee -- unlike a convicted prisoner, for whom the state of mind requirement is defined subjectively -- can meet this prong by showing that an objectively reasonable person knew should have known of the risk to inmate health or safety:

> [T]he pretrial detainee must prove that the defendant-official acted intentionally to impose the alleged condition, or recklessly failed to act with reasonable care to mitigate the risk that the condition posed to the pretrial detainee even though the defendant-official knew, or should have known, that the condition posed an excessive risk to health or safety.

Darnell, 849 F.3d at 35.

"To succeed on a claim involving an alleged deficient bed, a plaintiff must [establish] that '[he] had a medical condition requiring a non-standard bed to protect against serious damage to his future health' or 'that the medical condition was itself created by an inadequate bed or mattress . . . .'" Patterson v. Ponte, No. 16 Civ. 3156, 2017 WL 1194489, at *6 (S.D.N.Y. March 30, 2017) (third alteration in original) (quoting Youmans v. Schriro, No. 12 Civ. 3690, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013)). The plaintiff testified at his deposition that medical staff and corrections officers at Rikers denied his requests for a double mattress and that the mattress provided was too short for

8

a person of his height. (Delacruz Dep. at 33-35). However, although the operative complaint <u>alleges</u> back and side injuries, the record contains no <u>evidence</u> that he had a medical condition requiring a longer mattress or double mattress, or that any serious impairment was caused by his mattress. (Def. 56.1 Statement, ¶ 57). To the extent that the plaintiff simply asserts that the mattress was uncomfortable, "the Constitution does not require 'comfortable' prison conditions." <u>Walker v. Schult</u>, 717 F.3d 119, 125 (2d Cir. 2013) (quoting <u>Rhodes v. Chapman</u>, 452 U.S. 337, 349 (1981)). Absent any credible evidence that the plaintiff's mattress exacerbated a pre-existing medical condition or caused a new medical condition, summary judgment should be granted for the defendants on the inadequate bedding claim.[3]

D. <u>Interference with the Mail</u>

Interference with a prison inmate's legal mail "implicates [his] rights to access to the courts and free speech as guaranteed

---

[3] To the extent that the plaintiff brings a claim for inadequate medical care beyond the provision of inadequate bedding, the record contains no evidence of a sufficiently serious medical condition that the defendants knew or should have known about but failed to treat. Rather, the record indicates that the plaintiff visited with doctors on dozens of occasions and that he was prescribed various pain medications during these visits. (Def. 56.1 Statement, ¶¶ 21-46). Beyond the plaintiff's complaints about the strength of the pain medications (Delacruz Dep. at 21-24), which do not alone establish a constitutional claim, <u>see, e.g.</u>, <u>Veloz v. New York</u>, 339 F. Supp. 2d 505, 525 (S.D.N.Y. 2004), there is no evidence in the record that the care provided was inadequate in any way.

9

by the First and Fourteenth Amendments to the U.S. Constitution." Davis v. Goord, 320 F.3d 346, 351 (2d Cir. 2003). To establish unconstitutional interference with legal mail, a plaintiff must show (1) deliberate and malicious interference with his legal mail; and (2) that the interference resulted in an adverse impact on an existing cause of action. Smith v. City of New York, No. 14 Civ. 443, 2015 WL 1433321, at *3 (S.D.N.Y. March 30, 2015); Cancel v. Goord, No. 00 Civ. 2042, 2001 WL 303713, at *4 (S.D.N.Y. March 29, 2001).

At his deposition, the plaintiff testified that he filled out his notice of claim on January 17, 2015, and submitted to the mailroom on January 20, 2015. (Delacruz Dep at 41-43). The parties agree that the plaintiff's notice of claim was mailed on January 31, 2015. (Def. 56.1 Statement, ¶ 75). The plaintiff testified further that other inmates told him that Rikers staff regularly retaliated against them by delaying or throwing away their mail, including letters to the Comptroller's office. (Delacruz Dep. at 43-46, 48-49). None of the evidence concerning what other inmates told the plaintiff about the processing of their mail may be considered on summary judgment, however, as it is inadmissible hearsay when offered through the plaintiff's testimony to establish that staff delayed or destroyed mail. See Fed. R. Evid. 801(c); Presbyterian Church of Sudan, 582 F. 3d at

10

264; New World Solutions, Inc. v. NameMedia Inc., 150 F. Supp. 3d 287, 305 (S.D.N.Y. 2015).

The defendant, meanwhile, explains that the delay in sending the notice of claim was caused by the procedure that the United States Postal Services, which is not a party to this litigation, employs to collect mail from the Rikers mailroom. (Def. 56.1 Statement, ¶¶ 74-76). The plaintiff does not submit any admissible evidence to dispute this contention or support his claim beyond his own subjective belief that the mailroom staff deliberately and maliciously interfered with his mail. Accordingly, summary judgment should be granted for the defendants on the claim of unconstitutional interference with legal mail.

### E. Municipal Liability

To bring constitutional claims against a municipal defendant, "a plaintiff must identify the existence of a municipal policy or [custom] that caused the alleged constitutional violation" and "demonstrate a sufficient causal relationship between the violation and the municipal policy or [custom]." Mitchell v. City of New York, 841 F.3d 72, 80 (2d Cir. 2016) (citing Monell v. Department of Social Services of the City of New York, 436 U.S. 658, 694-95 (1978)). As the defendants have established the absence of a genuine dispute as to whether any of the plaintiff's constitutional rights were violated, it is impossible for the plaintiff to establish that any such violation was carried out

pursuant to a municipal policy or custom. See, e.g., Aquino v. City of New York, No. 16 Civ. 1577, 2017 WL 2223921, at *1 (S.D.N.Y. May 19, 2017) (collecting cases). Summary judgment should be granted for the City on the municipal liability claim.

Conclusion

For the reasons set forth above, summary judgment should be granted for the defendants. Pursuant to 28 U.S.C. § 636(b)(1) and Rules 72, 6(a), and 6(d) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days to file written objections to this Report and Recommendation. Such objections shall be filed with the Clerk of the Court, with extra copies delivered to the Chambers of the Honorable Paul A. Engelmayer, Room 2201, 40 Foley Square, New York, New York 10007, and to the Chambers of the undersigned, Room 1960, 500 Pearl Street, New York, New York 10007. Failure to file timely objections will preclude appellate review.

Respectfully submitted,

*James C. Francis IV*
JAMES C. FRANCIS IV
UNITED STATES MAGISTRATE JUDGE

Dated: New York, New York
May 31, 2017

Copies transmitted this date to:

Michael A. Huerta, Esq.
Huerta PLLC
P.O. Box 141
New York, NY 10008

Carolyn E. Kruk, Esq.
New York City Law Department
100 Church St.
New York, NY 10007